CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 3 0 2010

JULIA A. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARY E. KING, | ) |
| Petitioner, | ) Case No. 7:10CV00405 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| TAMMY BROWN, WARDEN, | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Respondent. | ) |

Petitioner Mary E. King, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.[1] In her petition, King challenges the length of her present confinement as calculated by the Virginia Department of Corrections (VDOC) Courts and Legal Department. Upon review of the record, the court finds that the motion to dismiss must be granted.

## Background

The following sequence of events is relevant to resolution of King's claims concerning the computation of her term of confinement. She complains that she has not received jail credit for time served related to two separate convictions.

A. The 2001 Case

King was convicted on August 22, 2001 in the Circuit Court for Roanoke County of grand larceny and sentenced to three years imprisonment, with two years four months suspended.

---

[1] Petitioner originally filed this action in the United States District Court for the Eastern District of Virginia. It was transferred here because the Court that imposed the judgment under challenge is located in this district.

(Case No. CR01000432-05) The Court diverted the active eight-month sentence pursuant to Virginia Code § 18.2-254, a provision which allowed for suspension of the entire sentence on the condition that King successfully complete a rehabilitation program at the Shenandoah Recovery Center. The order also placed King on supervised probation for three years following her release from the Center.

After a revocation hearing on August 30, 2003, the Court determined that King had violated the terms of her probation and her previously suspended sentence. The Court revoked the balance of two years, ten months, and thirteen days, which was suspended again after King served thirty days. Thereafter, she was to continue on supervised probation.

B. The 2004 Case

King was convicted on September 13, 2004 in the Circuit Court for Roanoke County of grand larceny and on November 10, 2004, was sentenced to three years, with all but ninety days suspended. The Court also placed her on probation for three years following her release, to run concurrent with the probation imposed in the 2001 case.

Also on November 10, 2004, the Court found that King had violated the terms of her probation in the 2001 case and revoked the balance of two years, nine months, thirteen days, which was then suspended after service of ninety days. Her probation in that case was extended to run three years from August 22, 2004, concurrent with the probation in the 2004 case.

C. The May 2007 Revocation Proceedings

On May 8, 2007, the Court conducted a hearing and found that King had violated the terms of her probation in the 2001 and 2004 cases. The Court then revoked nine months as to each charge, to run consecutively to each other, for a total revocation sentence of eighteen

months. The sentencing order also directed that King's supervised probation was terminated and that she should be given credit for time served while awaiting trial.

D. Habeas Proceedings

After King was remanded to the VDOC, Courts and Legal determined that she was entitled to pretrial jail credit only for June 7, 2004 and June 10, 2006, and calculated her release date accordingly. King disagreed with this calculation. Ultimately, in March 2010, she filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, alleging that she had not received credit for the 90 days (total of 180 days) that she served in each of the 2001 and 2004 cases after the revocation hearing in November 2004. By order entered April 19, 2010, the Court dismissed the petition upon finding that her allegations did not present grounds for habeas relief.

King then filed her federal petition, alleging that the VDOC had improperly calculated her term of confinement on the same grounds raised in the Supreme Court of Virginia. The respondent asserts that King cannot receive credit against her current term of confinement for the ninety days she served on the revocation sentences imposed in November 2004. In response, King clarifies that this is precisely the relief she is seeking. She believes that the concurrent ninety-day terms she served as a result of the November 2004 sentence and the simultaneous revocation of the 2001 sentence should now also be credited against her current term of confinement so as to reduce it by a total of six months, allowing her to be released in April 2011.

Discussion

The right to credit for pretrial jail time served is constitutionally mandated. Durkin v. Davis, 538 F.2d 1037, 1039 (4th Cir. 1976). Moreover, Virginia law also mandates that a person sentenced to a prison term receive credit for jail time served awaiting trial. See Va. Code Ann.

- 3 -

§ 53.1-187. On the other hand, "[a] logical, commonsense reading [of § 53.1-187] supports the interpretation that this section applies to time spent in pretrial detention on charges that result in conviction." Wallace v. Jarvis, __ F. Supp. 2d __, Case No. 7:09cv00426, 2010 WL 2989846, at *4 (W.D. Va. July 30, 2010) (Wilson, D.J.). There is no constitutional or statutory right to credit for pretrial detention served related to separate charges. Id. at *3-4.

Applying these principles to King's case, the court finds no ground on which she is entitled to any additional credit against her current term of confinement. The concurrent ninety-day sentences she served in satisfaction of the revocation sentences imposed in November 2004 cannot qualify as "pretrial" jail time served awaiting trial on the revocation charges resolved against her at the May 2007 hearing. This time served was already credited against the November 2004 revocation sentences. The court finds no authority requiring that she now also receive credit for that time against the separate revocation sentences imposed in 2007. Because her sentence credit claim is without merit, the court will grant the motion to dismiss. An appropriate order will issue this day.

The petitioner is advised that she may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473

(2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, her first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 30th day of December, 2010.

_____
Chief United States District Judge